IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert Leon Strickland, Jr., | ) | C/A No.  3:08-2721-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| J. Frank Baker, Superintendent Sumter School | ) | |
| District Two; Zona Jefferson, Superintendent | ) | |
| Sumter School District 17; Sharon Teigue, Director | ) | |
| Sumter Career Readiness Center/Sumter County | ) | |
| Career Center; Gregory Jones, Assistant Director | ) | |
| Sumter Career Readiness Center/Sumter County | ) | |
| Career Center; Stuart Liddell, Director, Sumter | ) | |
| County Career Center; Larry Addison, Chairman | ) | |
| Sumter County School District Two; and Christen | ) | |
| C. Weidner, Sumter Career Readiness | ) | |
| Center/Sumter County Career Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This employment matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on Defendant Christen C. Weidner's ("Weidner's") motion to dismiss (Docket Entry 36) and Plaintiff Robert Leon Strickland, Jr.'s ("Strickland's") motion for summary judgment (Docket Entry 56).  The court held a hearing on all pending motions on April 15, 2009 and these motions are now before the court for a Report and Recommendation.  For the reasons set forth below, the court recommends that the motion to dismiss be granted and the motion for summary judgment be denied with leave to re-file upon completion of discovery.

**MOTION TO DISMISS**

On August 4, 2008, Strickland filed this action initially asserting various employment claims against Defendants Baker, Jefferson, Teigue, and Jones. On September 26, 2008, the court granted Strickland's first motion to amend/correct his complaint (Docket Entry 11) to add three additional defendants. Strickland's Amended Complaint (Docket Entry 13) added Defendants Liddell, Addison, and Weidner. Also included in Strickland's Amended Complaint was a brief explanation of why each defendant should be added. Thereafter, on October 28, 2008, Defendant Weidner filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Weidner alleges that Strickland has failed to state facts sufficient to constitute a cause of action against her.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). Moreover, a *pro se* complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

---

[1]While it appears that Strickland did not filed a response in opposition to this motion, in his second motion to amend his complaint (Docket Entry 40) he appears to argue in paragraph one why Weidner should not be dismissed from this action. Therefore, the court will analyze this motion on its merits.

Strickland was employed as a guidance counselor at the Sumter Career Readiness Center, while Weidner was a teacher there. Based on the pleadings and the arguments presented at the motions hearing, Strickland appears to contend that his termination was due, at least in part, to the fact that Strickland reported to Weidner's principal an incident where Weidner allegedly breached her duty of confidentiality of a special needs student. Strickland asserts that Weidner is a proper defendant in this matter because he argues that he was terminated as a result of reporting her alleged actions.

While "a complaint in an employment discrimination lawsuit need not allege specific facts establishing a prima facie case of discrimination," a plaintiff must allege facts sufficient to state all the elements of his claims against a defendant. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003). Strickland has not alleged that Weidner was involved in any manner in the decision to terminate Strickland; rather, Strickland alleges that he was terminated for reporting an incident involving Weidner to her principal. As such, even if all of the facts alleged by Strickland are true, Strickland has failed to allege sufficient facts to state a cause of action against Defendant Weidner for any adverse employment action Strickland may have suffered.

Moreover, to the extent that Strickland is attempting to bring a claim on behalf of a third-party for the alleged disclosure of a student's confidential information, his claim is subject to dismissal. Generally a *pro se* litigant may not proceed in a federal court behalf of any other person or corporate entity. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Further, "a plaintiff generally must assert

his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975).

Therefore, Defendant Weidner's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted.

## MOTION FOR SUMMARY JUDGMENT

On December 30, 2008, Strickland filed a motion for summary judgment. Strickland argues that based on several sealed affidavits, a sealed list of witnesses, and a list of Discovery of Evidence, he is entitled to summary judgment.[2] The defendants contend that this motion is premature as there are outstanding discovery requests. The defendants submitted affidavits pursuant to Federal Rule of Civil Procedure 56(f) in support of this argument.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). However, "the non-moving party's duty to respond specifically to a summary judgment motion is expressly qualified by Rule 56(f)'s requirement that summary judgment be refused where the non-moving party has not had the opportunity to 'discover information that is essential to his opposition.'" Strag v. Board of Trustees, 55 F.3d 943, 953 (4th Cir. 1995) (quoting Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995)). Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion;

---

[2]Strickland's motion to seal (Docket Entry 47) was denied on February 17, 2009. To date, the affidavits and witness list have not been resubmitted to the court for public filing. Accordingly, Strickland's motion is unsupported by affidavits.



(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Based on the filings and arguments presented by the parties, the court finds that Strickland's motion for summary judgment is premature. At the motions hearing, the court discussed this finding with Strickland, who stated that he filed this motion based on the misapprehension that the defendants had already moved for summary judgment. Therefore, with Strickland's consent, the court recommends that this motion be denied as premature with leave to re-file it upon the conclusion of discovery, if appropriate.

## RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant Weidner's motion to dismiss (Docket Entry 36) be granted and Strickland's motion for summary judgment (Docket Entry 56) be denied with leave to re-file at the appropriate time.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 23, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).