IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Leon Strickland, Jr., ) | C/A No. 3:08-2721-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| J. Frank Baker, Superintendent Sumter School ) | |
| District Two; Zona Jefferson, Superintendent ) | |
| Sumter School District 17; Sharon Teigue, Director ) | |
| Sumter Career Readiness Center/Sumter County ) | |
| Career Center; Gregory Jones, Assistant Director ) | |
| Sumter Career Readiness Center/Sumter County ) | |
| Career Center; Stuart Liddell, Director, Sumter ) | |
| County Career Center; Larry Addison, Chairman ) | |
| Sumter County School District Two; and Christen ) | |
| C. Weidner, Sumter Career Readiness ) | |
| Center/Sumter County Career Center, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's motion for summary judgment and on Defendant Christen C. Weidner's motion to dismiss. For the reasons set forth below, the court grants the motion to dismiss and denies the motion for summary judgment without prejudice to renewal after the close of discovery.

**AMENDED COMPLAINT**

Through this action, Plaintiff Robert Leon Strickland, Jr., ("Strickland"), seeks recovery for alleged employment-related discrimination and retaliation. Strickland, who is proceeding without counsel, summarizes his allegations as follows in his amended complaint:

> I have been permanently prevented from obtaining gainful employment in the State
> of South Carolina, especially in public education because of continuing retaliatory

> discriminatory practices. The Sumter Career Readiness System and Sumter School District Two wrongfully and subjectively terminated my employment and subsequently did not renew my employment contract based on racial, gender and religious discrimination because of various incidents and occurrences (some possibly criminal). More importantly, the Career Center school administrators' responsibilities were violations of the school rules, good managerial practices, S.C. Department of Education (SDE) regulations, and SC Law as well as my personal and professional ethics as a South Carolina State certified Guidance Counselor.

Dkt. No. 13 at 3.

Based on these and additional allegations, Strickland seeks recovery from the superintendents of two different school districts, the chairman of the board of trustees of one school district, two directors and one assistant director of the career center(s) which employed Strickland, and one special education teacher. The only allegations which appear to directly involve Defendant Weidner are that Strickland's termination or other retaliation was motivated, at least in part, by Strickland's report of a "Special Education teacher's violation of confidentiality and public disclosure of a student's special needs status as a part of a class project presentation for an after-hours Graduate-level course." *Id.* at 6. The teacher referred to in this allegation is, presumably, Weidner.

## PROCEDURAL HISTORY

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Paige Jones Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On April 23, 2009, the Magistrate Judge issued a Report recommending that Defendant Weidner's motion to dismiss be granted and that Plaintiff's motion for summary judgment "be denied with leave to re-file upon completion of discovery." Dkt. No. 100 at 1. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.

Strickland filed timely objections to the Report. Those objections and the underlying motions are now before the court for review.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**DISCUSSION**

Strickland raises two concerns as to the dispositive motions. First, he asserts that he was not given notice of the April 15, 2009, hearing and only learned of it by accident on April 14, 2009, when he received a facsimile from opposing counsel. The undersigned has confirmed that there was a failure of notice which resulted because court staff failed to mail a copy of the notice to Strickland.[1] While the court apologizes for this error, it can find no resulting harm as Strickland declined the

---

[1] The court's computerized docketing system automatically sends notices by e-mail to participating attorneys. Pro se litigants are sent notification of hearings and orders by regular first-class mail. The latter notification is not automatic and was, in this instance, missed.

Magistrate Judge's offer to reschedule the hearing to a later date. *See* Dkt. No. 106 at 2 ("Although the Judge was first made aware of my not being timely notified of the status hearing, I chose to continue with hearing only as to not cause any further delays than necessary so that the case could move forward."). Strickland has, in any event, failed to direct the court to any evidence or argument which he would have presented had he had more notice of the hearing. Thus, while the court's error in failing to provide Strickland with proper notice of the hearing is most regrettable, it was ultimately harmless.[2]

Second, Strickland objects to the recommendation that his claims against Defendant Weidner be dismissed. Strickland's arguments, however, confirm that he has not pled a valid claim against this Defendant who was a mere co-worker who made no decision relevant to Strickland's continued employment. The court, therefore, agrees with the recommendation that this Defendant be dismissed.

Strickland also suggests one general concern with the Magistrate Judge's oral rulings as to non-dispositive matters (*i.e.,* discovery rulings). *See* Dkt. No. 106 at 3 (stating a general objection that "rulings made during the hearing were obviously and clearly not equitable and in fairness as to what Interrogataives [sic] were permissionable [sic] for the Plantiff [sic] (in-kind) versus more one-sided in favor to what is applicable or advantageous to the Defendants."). To the extent this concern is intended as an objection, it is overruled as the objection is not sufficiently specific to allow review and Strickland has, in any event, failed to direct the court to any clear error in the Magistrate Judge's

---

[2] This is the only argument which would relate to Strickland's motion for summary judgment. Rejection of this argument, therefore, leads to adoption of the recommendation that Strickland's motion for summary judgment be denied without prejudice to reassertion following the conclusion of discovery.

rulings. *See* 28 U.S.C. § 636 (b)(1)(A) (a magistrate judge's non-dispositive order may only be reversed on showing "that the magistrate judge's order is clearly erroneous or contrary to law" ); Fed. R. Civ. P. 72(a) ("The district judge . . . must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law.").

## CONCLUSION

For the reasons set forth above, the court adopts the Report in full, grants Defendant Weidner's motion to dismiss, and denies Plaintiff's motion for summary judgment without prejudice to renewal at the conclusion of discovery.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 5, 2009