IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Leon Strickland, Jr., )<br><br>Plaintiff, )<br><br>v. )<br><br>J. Frank Baker, Superintendent Sumter School )<br>District Two; Zona Jefferson, Superintendent )<br>Sumter School District 17; Sharon Teigue, Director )<br>Sumter Career Readiness Center/Sumter County )<br>Career Center; Gregory Jones, Assistant Director )<br>Sumter Career Readiness Center/Sumter County )<br>Career Center; Stuart Liddell, Director (2005-2006) )<br>Sumter Career Center Director; and Larry Addison, )<br>Chairman Sumter County School District Two )<br>Board of Trustees, )<br><br>Defendants. )<br>_____) | C/A No. 3:08-2721-CMC-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

This employment matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. On July 13, 2009, the defendants filed several separate motions for summary judgment (Docket Entries 143-146). Following the issuance of an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Strickland responded to the defendants' motions. (Docket Entry 155.) Further, on August 14, 2009, Strickland filed a motion for summary judgment against each of the defendants.[1] (Docket Entry 156.) On September 23, 2009, the court held a motion hearing to address outstanding discovery issues. As a result of the hearing, the court re-opened the discovery period for forty-five days to address several limited issues and permitted the parties after

---

[1] While this motion was not timely filed in accordance with the scheduling order in effect at that time, based on the events that follow the court will consider this motion.



that time to supplement their motions for summary judgment if they so desired.² (See Docket Entry 170.) Thereafter, each of the parties filed supplemental or amended motions for summary judgment. (Docket Entries 189-192, 200.) These motions are now before the court for a Report and Recommendation. For the reasons set forth below, the court recommends that the defendants' motions for summary judgment be granted and the plaintiff's motion for summary judgment be denied.

## BACKGROUND

Strickland, an African American male, was employed as a guidance counselor at the Sumter Career Readiness Center (also referred to by the defendants as the "Sumter County Career Center") during the 2005-2006 and 2006-2007 school years. By way of background, in 2006, local legislation was passed which provided that Sumter County School District Two and Sumter County School District Seventeen would be jointly responsible for the operations of the Career Center effective June 1, 2006. However, it appears that personnel procedures and employment decisions, which included the non-renewal of Strickland's contract, were governed by Sumter County School District Two.

On September 19, 2008, Strickland filed an Amended Complaint asserting various claims against the defendants.³ Liberally construed, Strickland's Amended Complaint appears to claim that the defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Americans with Disabilities Act ("ADA"); the South Carolina Teacher

---

² Further, following the hearing, the court denied Strickland's motion to amend his Complaint to include a First Amendment claim. Therefore, any arguments pertaining to this claim are not addressed in this Report and Recommendation.

³ On May 5, 2009, the court dismissed Defendant Weidner from this action based on its determination that Strickland failed to state facts sufficient to constitute a cause of action against her. (Opinion and Order, Docket Entry 112.)



Employment and Dismissal Act, S.C. Code Ann. §§ 59-25-10, et seq.; and South Carolina's Whistleblower Act, S.C. Code Ann. §§ 8-27-10, et seq.[4]

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no *genuine* issue of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine

---

[4] To the extent that the defendants' motions address other claims which they conjecture that Strickland may be attempting to assert, the court finds that such claims do not meet the pleading standard under Iqbal and, therefore, are not properly before the court. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").



whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms.

**B.**   *Pro Se* **Pleadings**

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson, 551 U.S. 89; Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se*

Page 4 of 10

PJG

complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

**C.      Title VII Claims**

"Before filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the [Equal Employment Opportunity Commission ("EEOC")]." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); see also 42 U.S.C. § 2000e-5(f)(1). In South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment practice" occurred. 42 U.S.C. § 2000e-5(c), (e); Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009). "[The timely filing of a charge] is mandatory: a violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which occurred before the statute was passed' and is 'merely an unfortunate event in history which has no present legal consequences.' " Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005) (quoting United Air Lines v. Evans, 431 U.S. 553, 558 (1977)). The failure to file a timely complaint with the EEOC bars the claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court."). However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of



limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

The defendants argue that Strickland cannot prevail on any of his Title VII claims because he failed to timely file a charge with the EEOC. On March 29, 2007, Defendant Baker informed Strickland that he would not recommend Strickland for employment beyond the 2006-2007 school year. (Pl.'s Dep. 355:10-356:12, Docket Entry 192-2 at 25-26; Letter dated March 30, 2007, Docket Entry 192-2 at 51.) Further, by letter dated April 4, 2007, Defendant Baker informed Strickland that the Sumter Two Board of Trustees had sustained Defendant Baker's recommendation and that Strickland would not be employed beyond the 2006-2007 school year. (Letter dated April 4, 2007, Docket Entry 192-2 at 52.) On February 5, 2008, Strickland filed an Intake Questionnaire Form with the EEOC. (Docket Entry 192-5 at 2.) Finally, on April 2, 2008, Strickland filed a "Charge of Discrimination" with the EEOC alleging discrimination based on race, sex, religion, retaliation, and disability. (Docket Entry 192-5 at 6; see also Docket Entries 144-5, 145-5, & 146-2.) In his charge, Strickland alleged that the discrimination took place from January 1, 2005 through March 29, 2007. (Id.) On May 22, 2008, the EEOC dismissed Strickland's charge based on the fact that "[his] charge was not timely filed with EEOC." (Docket Entries 192-5 at 8, 144-6, 145-6, & 146-3.)

Viewing the facts in the light most favorable to Strickland, Strickland asserts in his charge that the date that the discrimination last took place was March 29, 2007. Therefore, Strickland had until January 23, 2008 to file his charge within the 300-day period. However, Strickland did not file his charge with the EEOC until April 2, 2008. Moreover, consideration of Strickland's Intake Questionnaire Form does not aid Strickland. The form explicitly states that "[w]hen this form constitutes the only *timely* written statement of allegations of employment discrimination, the

Commission will, consistent with 29 C.F.R. 1601.12(b) and 29 C.F.R. 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s)." (Docket Entry 192-5 at 5) (emphasis added); see also Fed. Express Corp. v. Holowecki, 128 S. Ct. 1147 (2008) (holding that the EEOC's determination that an "Intake Questionnaire" and accompanying detailed affidavit alleging a violation of the ADEA was a "charge" was a reasonable exercise of the EEOC's authority). Strickland filed the form with the EEOC on February 5, 2008, which was outside the 300-day period and, therefore, insufficient to be considered a charge. Accordingly, Strickland's Title VII claims are time barred.[5]

In Strickland's Amended Complaint, he argues that his claim is not time barred because he is alleging continuing discrimination and retaliation. This argument is without merit. As an initial matter, these so-called continuing violations were never presented to the EEOC. Moreover, contrary to Strickland's contention that his claims are based on a "continuing violation," Strickland has only alleged discrete acts of discrimination and retaliation. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) (identifying "termination, failure to promote, denial of transfer, [and] refusal to hire" as examples of discrete acts). "The continuing violation theory allows for consideration of incidents that occurred outside the time bar when those incidents are part of a single, ongoing pattern of discrimination, i.e., when the incidents make up part of a hostile work environment claim." Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) (citing Morgan, 536 U.S. at 118). The mere allegation that discriminatory action is part of an ongoing policy of discrimination does not revive a claim for discrete time-barred discriminatory actions.

---

[5] Strickland has presented no argument or evidence as to waiver, estoppel, or equitable tolling.



Holland, 487 F.3d at 220. Accordingly, there are no Title VII claims pending before the court that are both timely and properly exhausted.

**D.     ADA Claims**

Strickland argues that the defendants violated the ADA. However, in asserting this claim, Strickland does not purport to rely on any qualifying disability that he himself suffers. Rather, he relies on the alleged disabilities of third parties in support of this claim. As stated in previous recommendations and rulings by this court, generally a *pro se* litigant may not proceed in federal court on behalf of any other person or corporate entity. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Further, "a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975).

To the extent that Strickland is attempting to assert a claim under the anti-retaliation provision of the ADA, 42 U.S.C. § 12203, based on a theory that he was terminated for opposing the defendants' alleged violations of the ADA with regard to students, this claim is time barred for the same reasons as Strickland's Title VII claims. See 42 U.S.C. § 12203(c) (providing in part that the remedies and procedures under § 12117 are available to aggrieved persons under this section); § 12117 (applying the "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title"). Therefore, the defendants are entitled to summary judgment on these claims.

*PJG*

E.  **State Law Claims**

Finally, in light of the court's recommendation that summary judgment be granted to the defendants on Strickland's federal claims, the court recommends that supplemental jurisdiction over the remaining state law claims not be exercised.  See 28 U.S.C. § 1367(c)(3) (permitting a federal court to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction).  Moreover, even if these claims were considered, it does not appear based on the record before the court that Strickland has complied with the statutory prerequisites to assert a claim under the South Carolina Whistleblower Act.  See S.C. Code Ann. §§ 8-27-10 et seq.  Nor is there any evidence that Strickland complied with the statutory prerequisites to assert a claim under the South Carolina Teacher Employment and Dismissal Act, if it even applied to his contract.  See S.C. Code Ann. §§ 59-19-510 et seq., §§ 59-25-410 et seq., § 59-26-40.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motions for summary judgment be granted (Docket Entries 143, 144, 145, 146, 189, 190, 191, & 192) and Strickland's motion for summary judgment (Docket Entry 156) be denied.  Further, the court recommends that any other motions that may be pending be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 18, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).