IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Leon Strickland, Jr.,<br><br>    Plaintiff,<br><br>v.<br><br>J. Frank Baker, Superintendent Sumter School District Two; Zona Jefferson, Superintendent Sumter School District 17; Sharon Teigue, Director Sumter Career Readiness Center/Sumter County Career Center; Gregory Jones, Assistant Director Sumter Career Readiness Center/Sumter County Career Center; Stuart Liddell, Director, Sumter County Career Center; and Larry Addison, Chairman Sumter County School District Two,<br><br>    Defendants. | C/A No. 3:08-2721-CMC-PJG<br><br><br><br>**OPINION AND ORDER** |

Through this action, Plaintiff Robert Leon Strickland, Jr., ("Strickland") seeks recovery under various state and federal statutes for alleged discrimination and retaliation in employment. Strickland's claims relate to his employment with and termination from the Sumter Career Readiness Center ("SCRC").[1] The SCRC is affiliated with both Sumter School District Two and Sumter School District Seventeen.[2] The six named Defendants are (or at the relevant time were) superintendents, directors, assistant directors, or board members of the SCRC or one of the school districts with which the SCRC is affiliated.[3]

---

[1] This entity is also referred to as the Sumter County Career Center ("SCCC") in various documents including Strickland's objections.

[2] The record suggests that the two districts have now merged, although this is of no significance to the present order.

[3] Claims against a seventh Defendant, Christen C. Weidner, one of Strickland's fellow employees, were dismissed by earlier order. *See* Dkt. No. 112 (order entered May 5, 2009).

Liberally construed, Strickland's amended complaint appears to raise federal claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and the Americans with Disabilities Act ("ADA"). In addition, it appears to raise two claims founded on state law.[4]

For the reasons set forth below and in the Report and Recommendation of the Magistrate Judge, the undersigned concludes that Strickland's federal claims are barred due to his failure to file a timely charge of discrimination with an appropriate agency. Defendants are, therefore, entitled to summary judgment as to the federal claims. The state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On December 18, 2009, the Magistrate Judge issued a Report recommending that Defendants' motions for summary judgment be granted as to the federal claims due to Strickland's failure to file a timely charge of discrimination, which is a prerequisite to a civil action on either of the federal claims. The Report also recommended dismissal of the state law claims without prejudice pursuant to the court's discretionary authority under 28 U.S.C. § 1367(c)(3). Given the basis of these recommendations, the Report did not address the merits of any of Strickland's claims.

---

[4] Strickland made a belated motion to amend his complaint to add a First Amendment claim. The Magistrate Judge denied that motion. That ruling has not been challenged by objection or appeal. The undersigned, nonetheless, notes agreement with the ruling.

2

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Strickland timely filed objections to the Report on December 30, 2009. Dkt No. 205. The majority of Strickland's twenty-four page objection memorandum addresses the merits of his claims. He does, however, include some discussion of timeliness. Only the latter is considered here as the recommendations in the Report are based solely on the timeliness issue.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

The court has made a *de novo* review of the Report and underlying record as to all matters to which Plaintiff lodged an objection and has reviewed the Report for clear error as to other matters.

Having done so, the undersigned concurs with the Report in its analysis and recommended disposition subject to minor modifications addressed below.

**Nature of Claims.** In the introductory paragraph of his objections, Strickland states that his "case is not properly described [in the Report and Recommendation] because it is not primarily an employment matter (e.g. supporting evidence), but is pursuant to the Defendants' violations of the Plaintiff's Civil Right Amendment VII." Dkt. No. 205 at 1. Although the point of this statement is unclear, it may be intended to suggest that the pre-suit charge requirements of Title VII and the ADA are inapplicable to Strickland's claims. Strickland does not, however, identify any other legal theories (other than the state law claims) on which he is relying.[5] In any event, his factual allegations as set forth in numerous documents, ranging from his lengthy letter to the EEOC to his present objections, clearly focus on alleged mistreatment, discrimination, or retaliation in employment.

The court, therefore, concludes that Strickland's federal claims are properly construed as employment claims asserted under Title VII and the ADA. Consequently, Strickland may only proceed if he has filed a timely charge.

**Timeliness of Charge.** The Report presumes that the last date that any discrimination or retaliation occurred was on March 29, 2007, when Strickland was informed that he would not be recommended for a contract the following school year. Adding 300 days to this date, the Report concludes that Strickland was required to file his charge no later than January 23, 2008. Strickland

---

[5] Strickland's reference to "Amendment VII" would not appear to refer to the Seventh Amendment (with its guarantee of a right to trial by jury), as that amendment has no application to any allegation in this case. Presumably then, the reference is to *Title* VII, which clearly is an employment-related statute.

4

offers no direct challenge to either of these premises. The undersigned, in any event, agrees with the Magistrate Judge's determination of these critical dates.

As the Report notes, neither Strickland's charge (signed March 31, 2008 and filed April 2, 2008), nor his intake questionnaire (dated January 10, 2008 but filed February 5, 2008) were filed with the EEOC before January 23, 2008. Thus, the Report recommends that the court find Strickland's claims to be time barred.[6]

In his objection memorandum, Strickland suggests that his charge was timely because he "submitted his first EEOC In-Take Questionnaire electronically via the Internet in and around the last week of December of 2007." Dkt. No. 205 at 3-4. He further asserts that he followed up on January 10, 2008, by "telephon[ing] the EEOC Office in Greenville, S.C. about not getting an acknowledgment or reply from his EEOC complaint form sent via the EEOC website." *Id.* at 4. He describes this conversation and subsequent events as follows:

> The EEOC Rep. said The Plaintiff should send the EEOC In-Take Questionnaire form via the USPS that was received within one week. The EEOC Rep. confirmed receipt of the electronically filed December 2007 EEOC complaint. The EEOC Rep. informed the Plaintiff that the only proper documented date and time of his submitted EEOC complaint could only be logged in to reflect January 10, 2008 and that his complaint was well within the 300-day statutory requirement.

*Id.* at 4.

Strickland does not suggest that he has made these arguments at any earlier time in this action, most critically in response to the present motions for summary judgment. Neither does he

---

[6] In making this recommendation, the Report addresses, and correctly rejects, Strickland's argument (as suggested in his amended complaint) that his claims are not time barred because he is alleging continuing discrimination. *See infra* n.8. The Report also notes that Strickland had not presented any "argument or evidence as to waiver, estoppel, or equitable tolling." Strickland has not offered any objection to the recommendation as to the continuing violation theory. Neither has he directed the court to any earlier argument on issues of waiver, estoppel, or equitable tolling. His present arguments, as discussed below, may, however fall within the latter category.

5

direct the court to any record evidence (or attach any available evidence to his objections) which would support his present assertions that he filed an electronic intake form in December 2007 and discussed the same with an EEOC representative on January 10, 2008. Instead, he offers some future disclosure of supporting evidence *if requested by the court*: "Copies of EEOC.gov electronic mails exchanged with the Plaintiff are available upon request in order to refute the Magistrates Judge's Record and Recommendation as to the element of timeliness of the EEOC complaint."[7] Strickland, likewise, fails to offer any legal authority for his apparent positions that (1) electronic submission of an intake form may satisfy the jurisdictional prerequisite for exhaustion of administrative remedies; or (2) a claimant may rely on an oral assurance from an EEOC employee that a submission is timely.

Given these failures, the court might well reject Strickland's objections without further review. The court has, nonetheless, examined the voluminous file to ensure that Strickland was not taken by surprise as to the significance of the timeliness issue or the need to present whatever evidence and argument he might have in response to Defendants' motions for summary judgment. For the reasons below, the court concludes that Strickland's failure to provide proof of an earlier filing, if any exists, or to provide related legal arguments should not be excused.

First, given that the EEOC denied his charge on timeliness grounds, it is clear that Strickland was aware of the timeliness concern before this action was even filed. Further, if the court accepts the factual assertions in his objection memorandum as true, Strickland understood the critical nature

---

[7] Strickland also asserts that he challenged the EEOC's denial of his charge on timeliness grounds, presumably based on these same factual allegations. His challenges included writing letters to the Washington Field Office of the Inspector General and the Washington D.C. headquarters of the EEOC. He asserts that he was informed by EEOC headquarters that "they could not take any actions to resolve the matter because the civil case was already under the jurisdiction of the S.C. District Court." *Id.* at 5.

6

of a timely charge very early in the administrative process, given that he went to the trouble of conversing with an EEOC representative in January 2008 after not receiving confirmation of his alleged December 2007 on-line submission. He, likewise, asserts that he challenged the EEOC's denial of his charge on timeliness grounds by complaints filed with the Inspector General and EEOC headquarters. Thus, it is clear that Strickland understood the importance of a timely charge well before filing this action.

Consistent with this understanding, Strickland included three arguments as to the timeliness of his charge in his original complaint. First, he argued that the 300-day limit should be construed to mean "300-business days . . . excluding weekends and holidays." Dkt No. 1 at 5. Second, he argued that "[t]he time limitation not timely handled or mishandled by EEOC investigators should not be held against the plaintiff as an untimely filing of the complaint." *Id.* Third, he argued that the time for filing should run from "[t]he last or latest letter or final available due process step applicable to the contract[.]" *Id.* at 6. The second of these arguments *may* allude to an earlier-filed intake form somehow "lost" by the EEOC, although this meaning can only be inferred in hindsight and is hardly the only possible intent of the very general argument.

Strickland did not, however, further advance these positions, much less clarify the intent of the second argument. Instead, he abandoned them by filing an amended complaint which included a single, new timeliness argument. That argument is based on a "continuing violation" theory. Dkt. No. 13 at 4 (citing legal authority and asserting that his "charge is continuing discrimination and retaliatory activities"). The amended complaint does not repeat or allude to any of the three arguments for timeliness asserted in the original complaint. *See* Dkt. No. 13 at 4.[8]

---

[8] The Report addresses the continuing violation theory, correctly explaining why it is inapplicable to Strickland's allegations as set forth in his intake questionnaire, charge, and amended complaint. The factual allegations in these documents relate to or predate a single critical event:

7

The issue of timeliness was raised as a defense by the various Defendants in their answers to the original and amended complaints. *See, e.g.*, Dkt No. 50 at 7 (third affirmative defense). It was also raised by each of the Defendants in their separate summary judgment motions. *See*, *e.g.*, Dkt. No. 143-1 at 11-12; Dkt. No. 146-1 at 6-7; Dkt. No. 192-1 at 11-12.

Although they take varying approaches, all Defendants include an argument that Strickland's claims are time-barred as one of their earliest grounds for summary judgment. Most of the Defendants rely solely on the charge which was signed by Strickland on March 31, 2008, and received by the EEOC on April 2, 2008. *See, e.g.*, Dkt. No. 146-1 at 7-8 (argument), Dkt. No. 146-2 (charge)).[9] Two of the Defendants, who filed a joint motion for summary judgment, also address the possibility that the earlier-filed intake questionnaire might satisfy the filing requirement (Dkt. No. 192-1 at 11-12). These Defendants note that, despite being dated January 10, 2008, this intake questionnaire bears a date stamp showing it was not received by the EEOC until February 5, 2008. Thus, these Defendants argue that the intake questionnaire would not be timely, even if accepted as a charging document.[10]

---

the non-renewal of Strickland's contract. Strickland was informed of the non-renewal decision on March 29, 2007. His attempt to characterize this decision as a continuing violation (because his contract continues not to be renewed), does not change the nature of the alleged discrimination. *See*, *e.g.*, Dkt. No. 13 at 3 (asserting he has been "permanently prevented from obtaining gainful employment in the State of South Carolina, . . . because of continuing retaliatory discriminatory practices."). Even if the amended complaint included factual allegations which could support a claim of continuing discrimination, that claim would be barred because the charging documents Strickland filed with the EEOC do not suggest any such allegations. In short, any claim of a continuing violation would be barred for failure to exhaust administrative remedies.

[9] These Defendants attach copies of the charge which are either not date stamped or on which the stamp is not legible. The date-stamped version filed by other Defendants reflects receipt by the EEOC on April 2, 2008. The distinction between the signed and received dates is not, however, significant as either is well beyond the 300-day period in which a charge must be filed.

[10] The Report agreed with this conclusion as does the undersigned. Strickland, likewise, appears to concede the point as he includes no reference to this conclusion in his objections, focusing, instead, on his new claim of an earlier-filed intake form.

Despite the issue of timeliness being raised in all of the summary judgment motions and his own obvious recognition of the significance of the issue, Strickland failed to include any argument on this issue in his opposition to Defendants' motions for summary judgment or in support of his own motion for summary judgment.[11] Neither did he attach any evidence supporting his current claim that he submitted an earlier intake form online which might suffice as a timely charge. Instead, he waited until after the Report was issued to suggest what amounts to an entirely new theory of timeliness, not previously advanced.[12] Even now, he offers no evidence in support of the claim that he made earlier filings and was assured (prior to January 23, 2008) that his filings were timely, although he suggests that such evidence exists and is available to him. Neither does he present legal argument that would support his reliance on an earlier online submission or alleged assurances by EEOC employees.

Under these circumstances, the court declines to reopen the record to allow Strickland to advance a new theory and proffer new evidence of a timely filing. The court, therefore, adopts the recommendation that Strickland's charge be found untimely and that Defendants be granted summary judgment on this basis as to the Title VII and ADA claims. *See Jones v. Calvert Group,*

---

[11] Strickland filed a single, thirty-seven page letter which served both as opposition memorandum in response to all Defendants' motions and as further support for his own motions for summary judgment against all Defendants. Dkt. Nos. 155, 156. Despite its length, this letter makes no reference to the timeliness issue which was argued by all Defendants. Strickland also attached his fifty-four page letter to the EEOC as further argument and "evidentiary" support for his position. Dkt. No. 155-1. The only relevance this letter might have to timeliness is its date, January 10, 2008. While this date is within the 300-day filing period, there is no evidence that it was provided to the EEOC other than as an attachment to the charge filed on April 2, 2008.

[12] As noted above, the "earlier filing" theory *may* fit within the second argument for timeliness advanced in the original complaint. However, the argument is presented in such general terms that the original complaint can hardly be considered fair notice of Strickland's current claim of an earlier filing. Even if predicted by the second timeliness argument in the original complaint, this argument was abandoned in the amended complaint. Further, the argument has not been further advanced except, arguably, in Strickland's present objections.

*Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009) (noting that "failure . . . to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject mater jurisdiction over the claim" but distinguishing defects in timeliness in light of *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) (holding that filing of a timely charge is not a jurisdictional prerequisite but is instead, subject to waiver, estoppel and equitable tolling)).[13] Although this makes it unnecessary to reach the merits of these claims, the court also notes its agreement with the Report's recommendations as to limitations on the scope of the ADA claims.

**State Law Claims.** Strickland has not objected to the recommendation that his state law claims be dismissed without prejudice if the action is otherwise ended in this court. The court adopts this recommendation. In light of this dismissal, the court declines to opine as to the viability of those claims. Thus, the court adopts this aspect of the Report except as to the last two sentences which address potential problems with the state law claims.

## CONCLUSION

For the reasons set forth above, the court adopts the reasoning and ultimate recommendations of the Report except to the extent the Report expresses an opinion as to the viability of the state law claims. The court, therefore, grants Defendants' motion for summary judgment as to the federal claims and dismisses the state law claims without prejudice pursuant to 28. U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 11, 2010

---

[13] As noted in the Report, Strickland failed to proffer evidence of waiver, estoppel or equitable tolling. To the extent his present arguments fall within these categories, they come too late for reasons addressed above.