IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Leon Strickland, Jr., ) | C/A No. 3:08-2721-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| J. Frank Baker, Superintendent Sumter School ) | |
| District Two; Zona Jefferson, Superintendent ) | |
| Sumter School District 17; Sharon Teigue, ) | |
| Director Sumter Career Readiness Center/Sumter ) | |
| County Career Center; Gregory Jones, Assistant ) | |
| Director Sumter Career Readiness Center/Sumter ) | |
| County Career Center; Stuart Liddell, Director, ) | |
| Sumter County Career Center; and Larry Addison, ) | |
| Chairman Sumter County School District Two, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on multiple post-judgment motions filed by Plaintiff. Defendants have failed to respond to any of these motions. Although the court may construe a failure to respond as consent, the court cannot do so in this instance because the motions are plainly frivolous to the extent they are not premature.

**PROCEDURAL HISTORY**

Summary judgment was entered in favor of all Defendants on January 12, 2010. Dkt. Nos. 209 (opinion and order), 210 (judgment). On January 22, 2010, Plaintiff filed a "Motion for Alternative Judgment or New Trial." Dkt. No. 212. After allowing Plaintiff to file additional supporting materials which appeared to have been inadvertently omitted, the court denied Plaintiff's first post-judgment motion by order entered February 11, 2010. Dkt. No. 224.[1] The order denying

---

[1] The court entered this order without awaiting passage of the deadline for Defendants' responsive memoranda.

that post-judgment motion also mooted four motions for summary judgment which Plaintiff filed after judgment was entered against him. Dkt. Nos. 218-221 (summary judgment motions filed after entry of judgment); 224 (order).

On February 16, 2010, Plaintiff filed a notice of intent to appeal. Dkt. No. 226. His present motions were filed on February 24, 2010. Dkt. Nos. 229-231. Because the arguments presented in this third set of post-judgment motions appear to include a preemptive challenge to attorneys' fees, the court awaited a response from Defendants. No such response was filed. Neither, however, have Defendants filed any petition for attorneys' fees or costs since entry of judgment on January 12, 2010.[2]

## DISCUSSION

**Relief from Judgment or Order.** Dkt. No. 229. Plaintiff's first-filed motion in his present set of post-judgment motions is captioned as a motion for "Relief from Judgment or Order." It expressly relies on Fed. R. Civ. P. 60 and asks the court to "correct a clerical mistake or a mistake arising from oversight or omission."

As Plaintiff notes, once an appeal has been taken, such a mistake may only be corrected with leave of the appellate court. Plaintiff asks this court to seek such leave to "set aside all previous judgments and to excuse the Plaintiff from paying any relief to the Defendants [including] Defendants' legal fees."

Plaintiff fails to identify any mistake falling within Rule 60. The court, therefore, declines to seek leave of the appellate court to correct any mistake. Further, to the extent Plaintiff seeks

---

[2] Defendants' time for seeking fees and costs would normally have expired, although there may be some argument that the deadline has not passed due to Plaintiff's filing of multiple post-judgment motions. *See* Fed. R. Civ. P. 54(2)(B) (requiring motion for attorneys' fees be filed within 14 days following entry of judgment).

relief from any obligation to pay fees, the motion is premature because Defendants have not sought an award of fees.

**Motion to Stay Proceedings to Enforce a Judgment.** Dkt. No. 230. Through his second-filed motion in the present set, Plaintiff asks the court to stay proceedings to enforce a judgment and not require Plaintiff to post a bond pending appeal. The judgment in this action was, however, a take-nothing judgment and, to date, Defendants have not sought attorneys' fees. There is, therefore, nothing to stay. This motion is, therefore, denied.

**Motion for Injunction Pending an Appeal.** Dkt. No. 231. The last of the three pending motions refers to relief which may be granted pending appeal of an order which "grants, dissolves, or denies an injunction." *Id.* It then suggests that appropriate relief under these circumstances would allow the court to "suspend, modify, restore, or grant the requested Motions of Summary Judgments" and that the court "must not require a bond, obligation or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government." *Id.*

The judgment issued did not, however, either grant or deny injunctive relief as no such relief was sought in this action.[3] Neither is the United States or any of its officers, agencies, or departments a party to this action (much less in the position of appellant). Thus, Plaintiffs' legal premises for relief are misplaced.

---

[3] In his original and amended complaints, Plaintiff asks the court to award him compensatory and punitive damages and to "[i]nvestigate and/or permanently revoke the professional certification and/or licencure [sic] for each individual suspected/found guilty of wrongdoing." Dkt. No. 1 at 7 (original complaint), 13 at 7 (amended complaint). The latter category of relief is neither within the authority of this court nor injunctive in nature.

3

Moreover, the specific forms of relief Plaintiff requests are not available. For example, in his first paragraph, Plaintiff asks the court to "suspend, modify, restore, or grant the requested Motions of Summary Judgments." *Id.* at 1. The court assumes by this that he is asking the court to address the motions for summary judgment which were filed after entry of judgment or to reconsider earlier-filed motions. This is, in essence, a second motion to alter or amend the judgment, not a request for relief pending appeal of the grant or denial of injunctive relief.

Plaintiff also asks the court to direct Defendants to answer seven questions. These questions cover both factual and legal matters, primarily the latter. As with the first form of requested relief, this is not within the category of relief that a district court may grant after judgment and while an appeal is pending. Even if within the undersigned's authority, the court would deny the request as inappropriate.

## CONCLUSION

For the reasons set forth above, the court denies all three of Plaintiff's motions to the extent they are properly within the jurisdiction of this court.

**IT IS SO ORDERED.**

                                             s/ Cameron McGowan Currie
                                             CAMERON MCGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 26, 2010